Dear Mayor Loupe:
Your request for an Attorney General opinion was forwarded to me for research and reply. You have asked for a clarification on the process of filling a vacant assistant chief of police position. You specifically ask for clarification on whether the council is required to select a candidate solely from the applicant recommended by the chief, and if so, is the council required to select the chief's recommendation when he recommends only one candidate. You also ask whether the council has the right to select the most qualified candidate from the applicants with or without the chief's recommendation. You state in our letter that the position has been advertised for six weeks, several interested persons have applied for the position.
As you are aware, LSA-R.S. 33:423 controls the hiring of the assistant police chief position. Specifically, subsection (A)
states that the chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel." (Emphasis Added). Accordingly, the board (council) may not proceed to hire outside of the chief's recommendation.(See attached La. Atty. Gen. Op. No. 01-07A).
You ask what requirement does the chief have to recommend more than one candidate. There is nothing in the law that requires the chief of police to recommend more than one candidate for the position. Although, it is quite evident that the chief's recommendation of only one candidate gives the appearance that the decision to appoint lies with him, the ultimate hiring decision rests with the mayor and the board (council). Should the mayor and board deny the one candidate in the running, the chief is left with a vacant position until such time as other qualified applicants are recommended.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ CHARLENE PATTERSON Assistant Attorney General
 March 27, 2001 OPINION 01-07A 77 — OFFICERS — LOCAL MUNICIPAL R.S. 33:423
 The board of aldermen must fill the position of assistant chief of police from the list of those recommended by the chief of police. The additional requirement of advertisement for applicants who are not recommended by the chief of police is not authorized by law.
 Honorable Harry Brown Chief of Police P.O. Box 468 Port Allen, LA 70767
Dear Chief Brown:
Your questions concern your authority as Chief of Police of the City of Port Allen relating to the filling of the position of Assistant Chief of Police.
In response to your first question, from the facts as you relate them, we can ascertain no "improper abolishment" of the position of Assistant Chief of Police by the City of Port Allen Board of Aldermen. As you know, the Board of Aldermen are empowered by R.S. 33:362 to "provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." It is presumed that the Board acts with an awareness of the structure of the police department and the positions eliminated and created reflected in the ordinance adopted.
In response to your second question, we find no requirement in the law compelling the board to advertise the position of assistant chief as vacant prior to filling the position. In fact, such a requirement would be in contravention to the provisions of R.S. 33:423, stating:
 § 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotions of officers, to effect, disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3. (Emphasis added).
As we stated to you in Attorney General Opinion 01-07, the board "may [not] proceed to hire outside your recommendation". The board of aldermen must fill the position of assistant chief of police from those individuals who are recommended by you. The additional requirement of advertisement for applicants who are not recommended by you is not authorized by law.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL